UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-288

| Stanton J. Smith, MD, | |
|---|---|
| Plaintiff, | |
| vs. | **Brief in Support of Motion to Unseal** |
| CIGNA Behavioral Health, Inc., | |
| Defendant. | |

Mission Hospital respectfully submits this brief in support of its motion to unseal Documents 18 and 21.

## Relevant Factual Background

Movant is the defendant in a civil action pending in the U.S. District Court for the Western District of North Carolina, *David John Hetzel v. MH Mission Hospital, LLLP*, 1:23-cv-00152-WCM (W.D.N.C.) (the "Underlying Action"), in which Plaintiff asserts claims of defamation and tortious interference with prospective economic advantage. Plaintiff's claims arise out of a report to the National Practitioner Data Bank ("NPDB"). *Id.*

On September 25, 2023, Movant and its former codefendants filed a Motion to Dismiss Plaintiff's Amended Complaint in the *Hetzel* action. *Id.* (ECF No. 22). On August 7, 2024, United States Magistrate Judge W. Carleton Metcalf entered a Memorandum and Recommendation, recommending that the Motion be granted in part and denied in part. (ECF No. 38 at 27). In relation to its "Analysis of Reports to the Data Bank," the Memorandum cites *Smith v. CIGNA Behavioral Health, Inc.*, No. 3:09-cv-00288-RJC-DSC (W.D.N.C. Sept. 27, 2010). *Id.* at 18. The proposition for

which this case is cited is that the "last possible date for republication" (presumably for statute-of-limitation purposes) was the day before the defendant changed its Data Bank report from an inaccurate version to an accurate version. A closely related issue is raised in *Hetzel*: The plaintiff brought suit more than a year after Mission Hospital submitted a correction report, which means that the plaintiff's defamation claim may be time-barred.

The cited Order (ECF No. 21) is sealed and inaccessible to Mission Hospital and the general public, as is the Memorandum and Recommendation (ECF No. 18) adopted by the Order (hereinafter, the "Sealed Filings"). Mission respectfully requests that the Court enter an order to provide Mission with access to the Sealed Filings so that Mission may review and consider the materials in relation to the Underlying Action.

## Legal Argument

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Co. Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). This qualified right of access "clearly" extends to "access to judicial documents after a case has been closed." *Fangman v. Genuine Title, LLC*, 2022 WL 2343250, at *1 (D. Md. June 29, 2022) (citing *Co. Doe*, 749 F.3d at 246). Two sources offer a right of access to records filed in civil proceedings: "the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Co. Doe*, 749 F.3d at 265 (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

The common law right of access can be rebutted "only by a showing that countervailing interests heavily outweigh the public interests in access." *Co. Doe*, 749 F.3d at 265-66 (citing *Rushford*, 855 F.2d at 253). The test under the First Amendment is even more demanding: Access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Syst. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988)).

Here, no basis exists to deny either right of access.

### 1. The First Amendment and common law provide a presumptive public right of access to the Sealed Filings.

When analyzing the right of access to judicial documents, the court must "determine the source of the right of access with respect to each document, because only then can it accurately weight the competing interests at stake." *Co. Doe*, 749 F.3d at 266. Here, both the common law *and* the First Amendment provide a presumptive public right of access to the Sealed Filings.

### A. The common law provides a presumptive right of access to the Sealed Filings.

The common law presumes a right to "inspect and copy judicial records and documents." *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 597 (1978). This presumption attaches to "*all* judicial records and documents[.]" *Stone*, 855 F.2d at 181. Thus, the common law creates a presumptive right of access to the Sealed Filings at issue here.

## B. The First Amendment provides a presumptive right of access to the Sealed Filings.

"While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 181 (internal citations omitted) (citing *Nixon*, 435 U.S. at 597; *Rushford*, 846 F.2d at 253). The "more rigorous" First Amendment standard applies to documents related to dispositive motions, including motions to dismiss. *Rushford*, 846 F.2d at 252-53 ("Once the documents are made party of a dispositive motion … they lose their status of being raw fruits of discovery … We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case.").[1] As such, the First Amendment standard applies to a court's decision ruling on a dispositive motion "and the grounds supporting its decision." *Co. Doe*, 749 F.3d at 267.

Here, the Sealed Filings are related to a dispositive motion—namely, the defendant's motion to dismiss—and are therefore subject to "more rigorous" First Amendment standard. *Rushford*, 846 F.2d at 252-53; *see Smith v. CIGNA Behavioral Health, Inc.*, No. 3:09-cv-00288-RJC-DSC (W.D.N.C.

---

[1] See also *Scenera Rsch. LLC v. Morris*, 2011 WL 666284, at *1-2 (E.D.N.C. Feb. 14, 2011) ("Because the documents sought to be sealed are related to dispositive motions, they are subject to a First Amendment right of access by the public.") (emphasis in original); and ATI Indus. *Automation, Inc. v. Applied Robotics, Inc.*, 801 F.Supp. 2d 419, 427 (M.D.N.C. 2011) ("The more rigorous First Amendment standard applies to attachments to dispositive motions.").

Sept. 27, 2010) (ECF Nos. 18 (Order on Motion to Dismiss), 21 (Memorandum and Recommendations on Motion to Dismiss)).[2] Further, the Sealed Filings represent the court's judicial opinion on a dispositive motion (ECF No. 21) and the "grounds supporting its decision" (ECF No. 18), to which the public has a well-established right of access. *Co. Doe*, 749 F.3d at 267-68 ("the First Amendment right of access extends … to a judicial decision adjudicating a summary judgment motion."). This is because "[t]he public has an interest in learning not only the evidence and records filed in connection with summary judgment proceedings but also the district court's decision ruling on a summary judgment motion and the grounds for its decision." *Id.* Absent such access, "public oversight of the courts, including the processes and outcomes they produce, would be impossible." *Id.*[3]

Thus, the public has a presumptive right of access to the Sealed Filings under the First Amendment.

---

[2] Because the Sealed Filings address a motion to dismiss, which tests only the facial sufficiency of the complaint, the Sealed Filings do not implicate documents and information obtained through formal discovery processes (as opposed to a recommendation or order on a motion for summary judgment).

[3] See also *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of such records … is necessary … so that the public can judge the product of the courts in a given case"); and *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., in chambers) ("Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them.").

**2. No showing rebutting the public's presumption right of access to the Sealed Filings has been or can be made.**

"Under both the common law and First Amendment jurisprudence, 'the right of access to judicial records and documents may be abrogated only in unusual circumstances.'" *Trustees of Purdue Univ. v. Wolfspeed, Inc.*, 620 F.Supp.3d 393, 400 (M.D.N.C. 2022) (quoting *Stone*, 855 F.2d at 182). Here, no such circumstances exist.

**A. Countervailing interests do not "heavily" (or at all) outweigh the public interests in access.**

The common law right of access can be rebutted "only by a showing that countervailing interests *heavily* outweigh the public interests in access." *Co. Doe*, 794 F.3d at 265-66 (emphasis added) (citing *Rushford*, 855 F.2d at 253). The following factors should be weighed as part of the common law balancing test: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court may also consider "the strength of any property and privacy interest asserted; however, there is no exception to the presumption of public access merely because evidence is sensitive[.]" *Craven v. Novelli*, 661 F.Supp.3d 430, 457 (W.D.N.C. 2023) (internal citations omitted).

Here, the Sealed Filings are not sought for improper purposes like

"promoting public scandals" or "gaining a business advantage." *In re Knight*, 743 F.2d at 235. Instead, they are sought to clarify the rationale of the Memorandum and Recommendation entered in the Underlying Litigation, ensure consistent judicial rulings in cases involving similar facts and legal issues, and ensure that Movant can pursue relevant legal arguments based on the Sealed Filings. Likewise, release of the Sealed Filings would enhance the public's understanding of the Court's rationale for reaching its ruling in *Smith*. As explained above, this is important to members of the public, like Movant, who are involved in litigation involving similar facts and legal issues (*i.e.*, suits related to reports made to the NPDB) and wish to understand the Court's rationale for dismissing a similar action.

While the privacy interests asserted by the parties in this action are not known by Movant (the Joint Motion to Seal is, itself, sealed), privacy interests commonly associated with NPDB reporting—such as embarrassing or injurious revelations about a provider or healthcare entity, reputational harm, etc.—are insufficient to defeat the public's presumptive right of access under the common law. *See Co. Doe*, 749 F.3d at 269-70. "When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" *Id.* at 271 (citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("it should go without saying that the judge's opinions and orders belong in the public domain").

This is particularly true in this case. The documents relate to an action

that has been closed for more than fourteen years. *See Fangman*, 2022 WL 2343250, at *1 (qualified right of access "clearly" extends to "access to judicial documents after a case has been closed"). The physician in question, Dr. Smith, had just begun practice when this litigation began, and since that time he has practiced for sixteen years without adverse action of any kind;[4] his reputation is not likely to be harmed by disclosure of the basis of a defamation action from two decades ago. The privacy interests that NPDB confidentiality seeks to protect are very weak here.

For these reasons, no countervailing interest "heavily" (or at all) outweighs the public's interest in accessing the Sealed Documents.

### B. No compelling governmental interest necessitates denying public access to the Sealed Filings.

Where, as is the case here, the First Amendment guarantees access, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 181. A "compelling governmental interest" may include consideration of a non-governmental interest that implicates similar "higher values." *Dorrbecker v. Mincey*, 2021 WL 12143012, at *2 (D.S.C. Nov. 16, 2021) (quoting *Press-Enter. Co. v. Super Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984)). The limited interests that courts have found sufficiently compelling to deny public access under the First Amendment include "a

---

[4] *See* Licensee Information, NCMedBoard.org, *available at* portal.ncmedboard.org/Verification/viewer.aspx?ID=120061.

defendant's Sixth Amendment right to a fair trial before an impartial jury, protecting the privacy rights of trial participants such as victims or witnesses, and risks to national security." *Co. Doe*, 749 F.3d at 269 (internal citations omitted).

As noted above, courts—including the Fourth Circuit—have consistently held that a litigant's commercial self-interests, harm to a litigant's public image, and a litigant's desire to preserve its corporate reputation are insufficient to defeat the public's First Amendment right of access. *Id.* (citing *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("commercial self-interest" does not qualify as a legitimate ground for keeping documents under seal); *Rep. of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) (harm to a "company's public image" alone cannot rebut even the common-law presumption of access); *Cent. Nat'l Bank of Mattoon v. U.S. Dep't of Treasury*, 912 F.2d 897, 900 (7th Cir. 1990) (information that "may impair [a corporation's] standing with its customers" insufficient to justify closure); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 685 (3d Cir. 1988) (a corporation's "desire to preserve corporate reputation" is insufficient to overcome common-law right of access); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985) (per curiam) ("harm [to] the company's reputation" is insufficient to outweigh even common-law right of access). Thus, interests commonly associated with NPDB reporting—such as embarrassing or injurious revelations about a provider or healthcare entity, reputational harm, etc.—are insufficient to defeat the public's presumptive

right of access under the First Amendment. *See Co. Doe*, 749 F.3d at 269-70.

Lastly, even if a compelling governmental interest existed, the Court should unseal the Sealed Filings subject to narrowly tailored redactions. The First Amendment right of access may be denied based on a compelling governmental interest "*only if* the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 181 (emphasis added). The Fourth Circuit is skeptical toward "wholesale sealing" of document like the sealing granted in *Smith*. *Pub. Citizen*, 749 F.3d at 270. Any party who opposes this Motion must explain why redactions are not feasible to protect any purported, compelling governmental interest. *Blue Sky Endeavors, LLC v. Henderson Cnty. Hosp. Corp.*, 2024 WL 4438670, at *3 (W.D.N.C. Oct. 7, 2024) (denying motion to seal documents, wholesale, where movant failed to explain why less drastic alternatives, such as redactions, were not feasible).

Movant acknowledges that the Sealed Filings might contain non-party patients' protected health information ("PHI"), which is protected under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations. Movant further acknowledges that the Sealed Filings might contain other privileged or protected information of a party or non-party. To the extent that the Sealed Filings contain such confidential or protected information, the Court should unseal the filings subject to redactions narrowly tailored to protect the relevant party or non-party's confidential or protected information. *Id.*

## Conclusion

For the foregoing reasons, the Court should enter an order finding that the Sealed Filings are subject to the public's right of access under the First Amendment and common law and authorize Movants to inspect the Sealed Filings.

Submitted August 1, 2025.

Roberts & Stevens, PA

/s/David Hawisher
Phillip Jackson (#21134)
   pjackson@roberts-stevens.com
David Hawisher (#55502)
   dhawisher@roberts-stevens.com
Bryant Cross (#60834)
   bcross@roberts-stevens.com
PO Box 7647
Asheville, NC 28802
(828) 252-6600
*Counsel for Third Party*
   *MH Mission Hospital, LLLP*

## Certificates

**Service.** I have served this document by ECF. I have also attempted to serve counsel in this action by email and have served counsel for all parties to *Hetzel v. Mission Hospital* by email.

**AI Use.** The foregoing document complies with this Court's standing order at 3:24-mc-104 because its preparation did not involve the use of prohibited artificial intelligence tools and because an attorney has personally verified its accuracy as required by the standing order.

Certified August 1, 2025.

Roberts & Stevens, PA

/s/David Hawisher
David Hawisher
